UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | No. 2:10-CR-87 |
| ) | |
| JOHNNY GROOMS, *ET AL.* ) | |

**REPORT AND RECOMMENDATION**

After defendant Jonathan Grooms was indicted in this court, he was arrested at his home by deputies of the Jefferson County Sheriffs Department on September 17, 2010. Defendant's cell phone was seized and, at the Jefferson County Jail, officers downloaded text messages stored in that cell phone. Presumably those text messages are incriminating since defendant has filed a motion to suppress all evidence of them, claiming that the warrantless search of the phone was violative of the Fourth Amendment. (Doc. 94).

This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on December 28, 2010.

There is only one disputed fact germane to the motion to suppress. Defendant claims that, after he was arrested and was escorted by Deputy Laudwick back into his house to secure it, the deputy placed defendant's cell phone in defendant's pocket, saying "you might need that." In its response, the United States contends that defendant asked Deputy

Laudwick that he be allowed to take his phone with him so that he could tell his girlfriend of his arrest. The parties agreed that which version is true is inconsequential to the disposition of the motion to suppress; all that matters is that the cell phone was on defendant's person when he arrived some time later at the Jefferson County Jail, which was the "staging area" used by law enforcement agents as they executed the arrest warrants issued pursuant to this indictment.

When defendant arrived at the jail, his cell phone was handed to a National Guard sergeant who had been assigned to assist the Drug Enforcement Administration with the arrests attendant to this indictment. The sergeant connected defendant's cell phone to a computer, and downloaded the contents, including text massages, to a disk.

The connection of the phone to a computer and the subsequent downloading of the text messages clearly was a search. Defendant argues that the officers were obliged to obtain a warrant, which they did not do.

If this warrantless search was incident to defendant's arrest, then it was permissible under the Fourth Amendment, even if the cell phone could be analogized to a "closed container." Although there are apparently no Sixth Circuit Court of Appeals' cases on point, the Fourth, Fifth, and Seventh Circuits have unequivocally so held. *See, United States v. Murphy*, 552 F.3d 405 (4th Cir. 2009); *United States v. Finley*, 477 F.3d 250 (5th Cir. 2007); *United States v. Ortiz*, 84 F.3d 977 (7th Cir. 1996). A district court case from within the Sixth Circuit is consistent with those cases from the Fourth, Fifth, and Seventh Circuits; significantly, that case is from this court, and the opinion was authored by District Judge

Greer. *Ajan v. United States*, 2009 WL 1421183, at *10 (E.D. Tenn. 2009). Therefore, the truly dispositive issue regarding defendant's motion to suppress is whether his cell phone was searched as an incident to his arrest.

Defendant argues that the timing and location of the search indicates that the search was either a "booking" search or an inventory search, neither of which would allow a warrantless search of the cell phone's digital contents.

The United States acknowledged that a search incident to an arrest must be "substantially contemporaneous" with the arrest and confined to the immediate vicinity of the arrest, citing *Shipley v. California*, 395 U.S. 818, 819 (1969). But the United States also argues that "contemporaneous" is not synonymous with "simultaneous." At least under the circumstances described in this case, the court agrees. No less than the United States Supreme Court has held that a search and seizure that *could* have been made on the spot at the time of the defendant's arrest may legally be conducted later when the defendant arrives at the detention facility, *United States v. Edwards*, 415 U.S. 800, 803 (1974). Deputy Laudwick easily could have viewed the text messages on defendant's cell phone while he and defendant were at defendant's house at the time of his arrest. That being so, the later retrieval of the text messages at the sheriff's office was proper under the authority of *Edwards, supra*.

It is respectfully recommended that defendant's motion to suppress be denied.[1]

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

Respectfully submitted,

          s/ Dennis H. Inman
United States Magistrate Judge